UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re OMEPRAZOLE PATENT LITIGATION :
----------------------------------:
ASTRAZENECA AB, et al.,          :
                                 :
                    Plaintiffs,  :
                                 :
LEK PHARMACEUTICAL AND CHEMICAL  :
CO., D.D., et al.,               :
                                 :
                    Defendants.  :
----------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __11/07/2012__

M-21-81 (BSJ)
MDL Docket No. 1291

00 Civ. 4541(BSJ)
03 Civ. 8719(BSJ)

**Opinion and Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

On July 18, 2007, Defendants Lek Pharmaceutical and
Chemical Co., D.D., et al. ("Lek"), submitted to the Clerk of
Court an application to tax costs ("Application") pursuant to
28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and
Rule 54.1 of the Local Civil Rules of the United States District
Court for the Southern District of New York, against Plaintiffs
Astrazeneca AB, et al. ("Astra"), in the amount of
$1,171,791.76.  Lek subsequently amended its Application to
request a total of $1,177,733.52.  For the reasons stated below,
the Court GRANTS Lek's request to tax costs against Astra,
subject to the limitations set forth in this Opinion.

### BACKGROUND

On June 18, 2007, the Court entered judgment in favor of
Lek against Astra.  Lek submitted its request to tax costs
against Astra on July 18, 2007.  Astra submitted objections to

the Application on August 17, 2007, Lek replied to those objections on September 12, 2007, and Astra filed a sur-reply in opposition to Lek's requested costs on September 20, 2007.

On June 28, 2010, the Court issued an Opinion and Order ("June 2010 Opinion") granting Astra's application to tax costs against three of the First Wave defendants[1], which addressed the proper methodology for determining the appropriate taxable costs in this litigation.  Specifically, the Court found that "because 'the claims and defenses of each defendant in the litigation were inextricably intertwined, it is practically impossible . . . to accurately divide the deposition or trial testimony into portions attributable to individual defendants.'" (June 2010 Opinion, slip op. 7 (citation omitted).)  In addition, the Court held that Astra's request for the cost of airfare for its witnesses did not comply with 28 U.S.C. § 1920(c)(1) because, inter alia, Astra's documentation was insufficient, as it listed airfare prices at the time of submission rather than the actual costs at the time of travel. (June 2010 Opinion, slip op. 8.)  Finally, the Court also limited recovery of witness subsistence costs to the maximum per

---

[1] The Court deemed Astra the prevailing party against Andrx Pharmaceuticals, Inc. ("Andrx"), Cheminor Drugs, Ltd., Reddy-Cheminor, Inc., and Schein Pharmaceutical, Inc. ("Cheminor"), and Genpharm Inc. ("Genpharm").  In its June 2010 Opinion and Order, the Court granted Astra's application as to Genpharm, subject to the limitations set forth in the Opinion and Order.

diem allowance prescribed by the General Services

Administration.  (June 2010 Opinion, slip op. 9.)

Following the June 2010 Opinion, Astra submitted a sur-

surreply on July 7, 2010, which supplemented its objections

based on the Court's reasoning in the opinion.  On July 19,

2010, Lek submitted a supplemental response in further support

of its application to tax costs.

On September 4, 2010, the Court issued an Order granting

the prevailing First Wave defendants'[2] motion to vacate and amend

the Judgment Clerk's initial denial of KUDCo's application to

tax costs against Astra ("September 2010 Opinion").  In that

opinion, the Court decided how to reconcile the different

categories of taxable costs laid out in 28 U.S.C. § 1920 and

Local Civil Rule 54.1, concluding that "the Court will tax all

costs enumerated in 28 U.S.C. § 1920 except that, to the extent

that Local Civil Rule 54.1 speaks to a specific cost, its

provisions govern." (September 2010 Opinion, slip op. 6.)   In

addition, the Court responded to Astra's objections to a variety

of KUDCo's requested costs, including photocopy costs, exhibit

copy costs, scanning and coding costs, copy costs for file

---

[2] The Court found that Kremers Urban Development Co. and Schwarz Pharma, Inc.
(collectively, "KUDCo") were prevailing parties against Astra in the first
wave of litigation.  In its September 2010 Opinion, the Court granted KUDCo's
motion to vacate and amend the Judgment Clerk's denial of KUDCo's application
to tax costs, subject to the limitations set forth in the Opinion.
Subsequently, the Court granted KUDCo's revised application to tax costs,
which comported with the September 2010 Opinion.

histories, prior art and other references, hearing and

deposition transcript costs, daily trial transcript costs,

LiveNote costs, interpreting and translating costs, trial

presentation costs, and witness subsistence and travel costs.

Where applicable, the June 2010 and September 2010 Opinions

will govern the Court's determination of Lek's taxable costs.[3]

**DISCUSSION**

## I. Legal Standard

Costs other than attorneys' fees generally are awarded to

the prevailing party under Federal Rule of Civil Procedure

54(d)(1).  See Dattner v. Conagra Foods, Inc., 458 F.3d 98, 100

(2d Cir. 2006).  Rule 54(d)(1) states in relevant part:

> Unless a federal statute, these rules, or a court
> order provides otherwise, costs-other than attorney's
> fees—should be allowed to the prevailing
> party . . . .  The clerk may tax costs on 14 days'
> notice.  On motion served within the next 7 days, the
> court may review the clerk's action.

However, the term "costs" as used in Rule 54 "includes only

the specific items enumerated in 28 U.S.C. § 1920 (1994)."

Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001) (citations

omitted).  That statute lists six categories of expenses that

may be taxed as costs: (1) fees of the clerk and marshal; (2)

---

[3] Lek argues that the Court's previous cost decisions should be applied
consistently only to the extent that they are applicable to objections made
by Astra in its initial submissions, which it submitted prior to the Court's
2010 opinions.  (Lek Supp. Letter at 2 n.2.)  The Court disagrees.  To
achieve full consistency across all of the applications to tax costs, the
Court must apply its previous rulings consistently, whether or not certain
objections had been made prior to the June 2010 and September 2010 Opinions.

4

fees for transcripts necessarily obtained for use in the case;
(3) fees for printing and witnesses' (4) fees for
exemplification and copies where necessarily obtained for use in
the case; (5) docket fees under 28 U.S.C. § 1923; and (6)
compensation of experts and interpreters.  See 28 U.S.C. § 1920.

"After the prevailing party demonstrates the amount of its
costs and that they fall within an allowable category of taxable
costs, that party enjoys a presumption that its costs will be
awarded."  Natural Organics, Inc. v. Nutraceutical Corp., No. 01
Civ. 0384(GBD)(RLE), 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6,
2009) (quotation marks and citations omitted).  However, the
court has authority to review, adjust, or deny an award of
costs, and that decision "is committed to the sound discretion
of the district court."  Cosgrove v. Sears, Roebuck, & Co., 191
F.3d 98, 102 (2d Cir. 1999) (quotation marks and citation
omitted).  The Supreme Court has cautioned that "the discretion
given district judges [by Rule 54(d)] to tax costs should be
sparingly exercised with reference to expenses not specifically
allowed by statute."  Farmer v. Arabian Am. Oil Co., 379 U.S.
227, 235 (1964).

## II.  Costs

As the Court ruled previously, the Court will tax all costs
enumerated in § 1920 except that, to the extent that Local Civil

Rule 54.1 speaks to a specific cost, its provisions govern. (September 2010 Opinion, slip op. 6.)

Lek has requested a total of $1,177,733.52 in costs. (Lek Bill of Costs (Corrected) at 2.) Astra states that it does not object to $168,894.08 of Lek's total requested costs.[4] (Astra Sur-Surreply at 2.) Specifically, Astra does not challenge Lek's costs for Special Master fees in the amount of $80,772.58, and Astra has agreed to various other categories of costs in the amount of $88,122.50. (Id.)

With regard to its objections, Astra argues generally that Lek should not be paid for costs related to trial and deposition testimony about issues related exclusively to infringement and invalidity claims brought by other defendants. (Astra Objections at 3.) In its June 2010 Opinion, the Court held that "because the claims and defenses of each defendant in the litigation were inextricably intertwined, it is practically impossible . . . to accurately divide the deposition or trial testimony into portions attributable to individual defendants." (June 2010 Opinion, slip op. 7 (citation omitted).) The Court

---

[4] Astra's Sur-Surreply preceded Lek's supplemental submission in which Lek corrected a previous arithmetic mistake. In Astra's Sur-Surreply, as discussed further below, Astra changed its position from objecting to the costs of a few trips to objecting to Lek's entire request for witness airfare costs. At that time, Astra relied on Lek's previous submissions, which listed the total witness costs as $70,943.11. Subsequent to Astra's Sur-Surreply, Lek submitted a corrected Bill of Costs, which lists the total airfare costs as $76,884.87. The discrepancy is not important, as the Court addresses each category of contested costs in turn and has made its own calculations.

is of the same opinion with respect to the Second Wave cases and sees no reason to depart from its previous ruling concerning the First Wave defendants. Accordingly, the Court will award all properly taxable costs requested by Lek, regardless of whether they were used in Astra's case against Lek.

The Court now turns to the various categories of costs.

## A. Transcript Fees

### a. Daily Trial Transcripts

Section 1920 provides for taxation of costs related to printed or electronic transcripts. 28 U.S.C. § 1920(2). Local Civil Rule 54.1(c)(1) provides in relevant part that "[t]he cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient."

Lek requests $42,240.66 in costs for trial transcripts. Astra first objects to a portion of these charges because it argues they cover costs of unnecessarily obtaining trial transcripts for parts of the trial that did not involve Astra's claims against Lek. (Astra Objections at 6-7.) The Court has already determined that it will not endeavor to separate portions of trial testimony as related to one defendant or another. Lek should recover all of its taxable costs, which include the costs of obtaining daily trial transcripts.

Second, Astra objects to charges for minuscripts, diskettes, and Real Time translations of the daily trial transcripts, which it argues were not "necessarily obtained" for use in the case. (Astra Objections at 6-7.) Lek counters that the complexity of the case combined with the fact that many parties and witnesses are non-English speakers and the Court's order to produce daily errata sheets warrant recovery of these additional transcript costs. (Lek Reply at 3-4.)

To support its position, Lek cites to Liberty Theatres Inc. v. Becker, 201 F.3d 431, 1999 WL 1070076 (Table) (2d Cir. 1999), where the court awarded costs associated with daily transcripts, minuscripts and diskettes. Astra underscores the distinction between Liberty Theatres and this case, namely that the Liberty Theatres trial court had awarded costs for minuscripts and diskettes because "none of the parties either specifically asked for nor objected to [these forms of transcriptions]. Id. at *2 (alteration added). The appellate court did not reach the question of whether the trial court abused its discretion in awarding costs for minuscripts and diskettes.

The Court agrees with Astra that minuscripts, diskettes, and Real Time translations are not essential to the production of daily errata sheets and are merely for the convenience of

counsel.[5]  Accordingly, the Court limits Lek's requested trial transcript costs to the original transcript charges only, which totals $17,047.36.

### b. Deposition Transcripts

Local Civil Rule 54.1 provides in relevant part that "[u]nless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial . . . . Costs for depositions taken solely for discovery are not taxable."  Lek requests deposition transcript costs in the amount of $227,012.58.

Astra objects that Local Civil Rule 54.1(c)(2) precludes recovery by Lek of costs related to depositions that were not used or received in evidence in relation to Astra's case against Lek and were not used by the Court in ruling on a dispositive motion concerning Lek.  (Astra Objections at 9 (emphasis added).)  Astra concedes that "designations in this case were made in a consolidated manner," and therefore all designated depositions were introduced and received into evidence against all defendants.  (Astra Surreply at 5.)  Astra does not dispute

---

[5] The Court has considered Lek's argument that costs for minuscripts were included in the manuscript costs deemed taxable in the First Wave of litigation and should therefore be deemed taxable here.  (Lek Supp. Letter at 3 n.4.)  The issue of minuscripts was not raised in the First Wave costs briefing, and the Court finds that because the invoices presented here delineate between manuscript, diskette, real time, and original manuscript charges, the Court will award only those costs that are necessary.

that all of the depositions for which Lek seeks reimbursement
were designated and introduced and received into evidence.
Consistent with its previous decisions, the Court will tax costs
against Astra for one original transcript and one copy of all
depositions introduced and received into evidence in relation to
any party during the trial.

Astra next objects to charges for additional deposition
transcript costs covering ASCII fees, Real Time/LiveNote fees,
video fees, exhibit fees, and court reporter appearance fees, as
beyond the scope of taxable costs under Local Civil Rule
54.1(c)(2).  (Astra Objections at 8-9.)

Of these categories of fees, the Court finds that only
exhibit fees are taxable, as exhibits are a necessary part of an
original deposition transcript.  See Internet Law Library, Inc.
v. Southridge Capital Mgmt. LLC, Nos. 01 Civ. 6600(JSR), 01 Civ.
0877(JSR), 02 Civ. 0138(JSR), 2010 WL 3290965, at *8 (S.D.N.Y.
Aug. 11, 2010).

Video fees have been deemed taxable where "there was an
expectation among the parties that the video of the testimony
might be presented at trial[.]"  Settlement Funding, LLC v. AXA
Equitable Life Ins. Co., No. 09 CV 8685(HB), 2011 WL 2848644, at
*3-4 (S.D.N.Y. July 18, 2011) (quoting Ferrostaal, Inc. v. M/V
Tupungato, No. 03 Civ. 4885(MGC), 2008 WL 2796644, at *3
(S.D.N.Y. July 16, 2008)).  Lek does not seek reimbursement for

10

video fees related to every deposition; however, it has made no effort to establish with any specificity that the parties reasonably believed that video testimony would be used at trial for the depositions for which it charges video fees.

The Court has previously rejected requests to tax costs for LiveNote services, (September 2010 Opinion, slip op. 12), and the same reasoning applies to Real Time costs.  In addition, courts in this District have determined that court reporter appearance fees and ASCII fees are not taxable.  See e.g., Farberware Licensing Co. LLC v. Meyer Mktg. Co., Ltd., No. 09 Civ. 2570(HB), 2009 WL 5173787, at *5-6 (S.D.N.Y. Dec. 30, 2009) (finding that fees for expedited service, delivery costs, appearance fees, and rough diskettes and/or ASCII disks are not taxable), aff'd, No. 10 Civ. 0384, 2011 WL 2618722 (2d Cir. July 05, 2011).

Accordingly, the Court will only tax costs against Astra for the original transcript, one copy thereof, and exhibit fees. The Court will award to Lek deposition transcript costs in the amount of $122,052.45.

### B. Witness Fees, Mileage, Subsistence

Section 1920 provides for taxation of fees for witnesses. 28 U.S.C. § 1920(3).  Under Local Civil Rule 54.1(c)(2), "[f]ees, mileage, and subsistence for the witness at the deposition are taxable at the same rates as for attendance at

trial if the deposition taken was used or received in evidence at the trial."  In addition, Local Civil Rule 54.1(c)(3) provides that "[w]itness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies[6]. Subsistence pursuant to 28 U.S.C. § 1821 is taxable if the witness testifies and it is not practical for the witness to return to his or her residence from day to day."  Under 28 U.S.C. § 1821(c)(1), "[a] witness who travels by common carrier shall be paid for the actual expenses of travel" and "[s]uch witness shall utilize a common carrier at the most economical rate reasonably available.  A receipt or other evidence of actual cost shall be furnished."

Lek has requested witness fees in the amount of $76,884.87.[7] Astra first objects based on a reprise of its argument that Lek should not recover costs related to depositions not used or received in evidence in relation to Astra's case against Lek. (Astra Objections at 10.)  For the reasons discussed above, the Court rejects this argument.

---

[6] The Court has determined that a witness "testifies" for the purposes of Local Civil Rule 54.1(c)(2) when he or she testifies at trial.  (See September 2010 Opinion, slip op. 13.)
[7] Lek originally listed witness travel and subsistence costs as $70,943.11, which was inaccurate.  Lek corrected the amount in its supplemental submission to the Court dated July 19, 2010.

12

In light of the Court's June 2010 Opinion, Astra objects to all of Lek's requested witness airfare costs[8] because Lek "fail[ed] to provide evidence of the price of the most economical airfare, . . ., at the time of travel." (Astra Sur-Surreply at 2.)

Here, Lek concedes that it "estimated the cost of economy airfare by using an [sic] discount internet travel site and comparable dates to those actually traveled by the witness. Since [Lek] could not find airfare prices for 2006, [Lek] used prices for 2007 or 2008." (Lek Reply Decl. ¶ 16.) In the June 2010 Opinion, the Court rejected Astra's requested travel costs in part because the rates Astra listed reflected prices at times other than during the actual dates of travel. (June 2010 Opinion, slip op. 8.) Lek has used the same process, and has not provided a "receipt or other evidence of actual cost" as required by 28 U.S.C. § 1821. For this reason, the Court will not award Lek's costs for witnesses' airfare.

The Court has considered Astra's remaining objections to Lek's witness fees request and finds them to be without merit.

---

[8] Astra states incorrectly that the $70,943.11 to which it objects represents "the entire amount . . . that Lek seeks for witness flight costs." (Astra Sur-Surreply at 2.) In fact, $70,943.11 was the total amount that Lek originally requested for all costs associated with witness travel, mileage, and subsistence, which it subsequently amended to account for an arithmetic correction. The Court understands Astra's objection to be against all of the witness airfare costs requested by Lek.

The Court will therefore award Lek witness costs for mileage and subsistence in the amount of $38,965.54.

### C. Interpreting and Translating Fees

Section 1920 provides for recovery of costs for compensation of interpreters. 28 U.S.C. § 1920(6). "The reasonable fee of a competent interpreter is taxable if the fee of the witness involved is taxable. The reasonable fee of a translator is also taxable if the document translated is used or received in evidence." Local Civ. R. 54.1(c)(4). Lek has requested compensation for interpreting and translating in the amount of $84,269.81.

Astra objects to costs for interpreting during certain depositions which it claims were not introduced or received in evidence in the case against Lek. As discussed above, the Court rejects this argument. However, the Court agrees with Astra that a cost of $1,000.00 for an interpreter to <u>prepare</u> to interpret for Slovene witnesses is not a taxable cost.

With regard to Lek's translation costs, Astra takes issue with the vagueness of Lek's documentation. Lek appears to have listed its entire exhibit list as documentation of its translation costs, explaining that its calculus is based on having "reconstructed from [Lek's] own records, the dates, and the identity of the translation service, as well as [Lek's] recollections, that these are the bills for the translations of

14

the trial exhibits." (Lek Reply at 9.) Between the records Lek has provided to the Court and the attorney declaration submitted, the Court is satisfied that Lek has met its burden of demonstrating that the translation costs for which it seeks reimbursement are only for documents used or received into evidence at trial.

The Court will award $83,269.81 in interpreting and translating costs.

### D. Copies of Trial Exhibits

Local Civil Rule 54.1 addresses trial exhibits as well: "A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence. The cost of copies used for the convenience of counsel or the Court are not taxable." Local Civ. R. 54.1(c)(5). Lek has requested costs for copies of trial exhibits in the amount of $4,467.00. Astra objects to the entire amount.

Astra argues first that Lek has not identified which exhibits on its exhibit lists were in fact used or received into evidence at trial and that Lek's requested copying costs should be reduced by a significant portion on that basis alone. (Astra Objections at 12-13.) Lek acknowledges that the copying invoices it has submitted "cover many more copies and many more documents than were received or used as exhibits." (Lek. Reply at 9.) To recover photocopying costs, "the requesting party

15

must at least specify what portion, if any, of the copying costs were incurred in creating exhibits that were used at trial or received in evidence." Natural Organics, 2009 WL 2424188, at *7 (quotation marks, citation, and alterations omitted).  Lek has not made this threshold demonstration.

Astra also argues that Lek has provided no explanation for estimating that copying costs were $.10 per page or $20.00 per CD, and that the documents averaged ten pages per exhibit. (Astra Objections at 13.)  Lek responds that "[c]ounting the exact number of pages of each exhibit would be unduly burdensome and time consuming," and that the records it provided to the Court "are the best available from the records of the case." (Lek Reply at 9.)

Though burdensome, the Court sees no reason why Lek could not provide an accurate accounting of the number of pages and copying costs associated with exhibits actually used or received into evidence at trial.  The Court finds that Lek has failed to demonstrate that these requested copying costs fall within an allowable category of taxable costs and denies all of these costs.

### E. Preparation of Models, Photographs, and Summaries

Lek asks for $612,145.18 in charges for models, photographs and summaries, and has divided these costs into three categories: (1) $558,885.03 for preparation of demonstratives by

16

Chicago Winter Graphics, a company that creates trial graphics;
(2) $47,662.50 for expert analysis of trial demonstratives; and
(3) $5,597.65 in rental fees for technological equipment for the
courtroom.  Section 1920(4) provides for recovery of "[f]ees for
exemplification . . . necessarily obtained for use in the case."
Under Local Civil Rule 54.1(c)(6),

> [t]he cost of photographs, 8" x 10" in size or less, is
> taxable if used or received in evidence.  Enlargements
> greater than 8" x 10" are not taxable except by order of
> the Court.  Costs of maps, charts, and models, including
> computer generated models, are not taxable except by order
> of the Court.  The cost of compiling summaries, statistical
> comparisons and reports is not taxable.

Courts in other circuits disagree about whether the
reference in 28 U.S.C. § 1920(4) to "exemplification" includes
demonstrative aids.  Compare Cefalu v. Village of Elk Grove, 211
F.3d 416, 427 (7th Cir. 2000) (term "exemplification" includes
"a wide variety of exhibits and demonstrative aids"), with
Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc., 249 F.3d
1293, 1297 (11th Cir. 2001) (term "exemplification" includes
only "an official transcript of a public record, authenticated
as a true copy for use as evidence") (quoting Black's Law
Dictionary 593 (7th ed. 1999) (quotation marks and alteration
omitted)).  The Court concludes, as at least one other court in
this District has, that 28 U.S.C. § 1920(4) provides for
taxation of costs related to trial demonstratives.  See DiBella
v. Hopkins, 407 F. Supp. 2d 537, 539 (S.D.N.Y. 2005).

17

Astra argues that Lek is not entitled to any costs related to demonstratives because Local Civil Rule 54.1(c)(6) explicitly prohibits recovery of costs for computer generated models and other similar aids without court order and that "[t]here is no such Court order in this case." (Astra Objections at 14.) However, "that rule simply requires that the Court assess any such costs, rather than the Clerk, who otherwise determines what fees should be assessed." Settlement Funding, 2011 WL 2848644, at *1. Courts in this District have applied this discretion to tax such costs where "the cost is reasonable and the devices aid in the efficient and effective presentation of evidence[.]" DiBella, 407 F. Supp. 2d at 540; see also Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., No. 06 Civ. 6510(HB), 2011 WL 2893087, at *7 (S.D.N.Y. July 14, 2011) (taxing portion of requested costs related to preparation of trial demonstratives where "the visual aids presented at trial were helpful to the jury and the court by focusing attention on the salient documents and concepts"); Farberware Licensing Co., 2009 WL 5173787, at *8 (allowing partial recovery of expenses for trial consultants who prepared the bulk of the trial graphics presented at trial, where the visual aids were helpful to the bench and jury).

During the bench trial in this case, Lek's graphics and models aided in the efficient and effective presentation of

18

complex evidence and were extremely helpful to the Court.  The
Court concludes that Lek is entitled to recover reasonable costs
for the preparation of its trial demonstratives and aids.
However, Lek's requested costs for the trial graphics work
appear to be unreasonably high.  In reviewing the invoices
submitted, it appears that at least two hundred thousand dollars
of charges are for time spent by employees of Chicago Winter
Graphics providing "on-site trial support."  The court finds
that these costs are not essential to the preparation of Lek's
trial demonstratives and will not tax them.  In addition, while
Lek made an effort to limit their requested costs only to time
or material for preparation of demonstratives (Lek Reply Decl. ¶
24), they seek reimbursement for travel expenses and other
incidentals, which are not properly taxable.  Having excluded
charges for expenses and on-site trial support, the Court finds
that costs in the amount of $220,000.00 are reasonable for the
preparation of Lek's trial demonstratives.

     In addition to the reasonable costs for preparing Lek's
demonstratives, reasonable costs related to the courtroom
equipment that made it possible to utilize the demonstratives
are also taxable.  Astra offers no authority for its assertion
that the prevailing party may not seek reimbursement for their
share of costs because the parties all agreed to share the
courtroom equipment costs.  (Astra Objections at 15.)  The Court

finds that the $5,597.65 requested by Lek for courtroom equipment that was essential to the effectiveness of Lek's demonstratives is reasonable and therefore taxable.

Finally, the Court agrees with Astra that fees for expert witnesses are only taxable, absent a prior order by the court, to the extent that other witnesses' costs are taxable, which is limited by Local Civil Rule 54.1 to fees, mileage, and subsistence and if the witness testified at trial or if the witness's deposition was introduced and received into evidence. See Harris Trust & Sav. Bank v. John Hancock Mut. Life Ins. Co., 137 F. Supp. 2d 351, 360 (S.D.N.Y. 2001) (citation omitted). Expert fees associated with time spent helping Lek prepare its case are not taxable.

Accordingly, the Court will tax against Astra costs related to Lek's trial demonstratives in the amount of $225,597.65.

**F. Special Master**

Astra does not object to recovery of fees charged by the Special Master, and the Court finds that Lek should recover all of these requested costs in the amount of $80,772.58.

**G. Miscellaneous Fees**

Local Civil Rule 54.1(c)(10) provides, under the heading "Docket and Miscellaneous Fees," that "[d]ocket fees, and the reasonable and actual fees of the Clerk and of a marshal, sheriff, and process server, are taxable unless otherwise

ordered by the Court." Lek has requested three categories of costs which it has labeled as "miscellaneous": (1) costs related to two cancelled depositions, (2) costs related to a court-ordered visit of Lek's plant, and (3) costs of preparing a court-ordered post-trial electronic brief. Astra objects to all of these costs as outside the scope of allowable costs. (Astra Objections at 16-18.)

The Local Civil Rule reaffirms the Court's discretion to review and adjust an application to tax costs. See Local Civ. R. 54.1(c)(10); Cosgrove, 191 F.3d at 102 (quotation marks and citation omitted). Astra cancelled two depositions at the last minute. Lek seeks recovery of travel expenses for the two witnesses who had already traveled to New York for their depositions. The parties dispute the cause of the last-minute cancellation. While the Court might be inclined to award some costs for these witness fees, Lek has failed to provide documentation of the actual travel costs at the time of travel for these witnesses. As discussed above, the Court therefore will not tax these travel costs. Lek also seeks subsistence fees that far surpass the maximum per diem allowance prescribed by the General Services Administration, to which witness subsistence costs must be limited. (See June 2010 Opinion, slip op. 9.) The Court therefore will award $259.00 per witness per day in relation to the cancelled depositions, for a total of

21

$518.00.   See FY04 Domestic Per Diem Rates, available at
http://www.gsa.gov/portal/content/103168#Rates.

   With regard to the requested costs related to production of
the hyperlinked post-trial findings of fact and conclusions of
law, those costs fall squarely within the category of attorneys'
fees, which are not taxable.   Local Civ. R. 54.1(c)(7).

   Lek seeks costs associated with attorney travel expenses
and video fees for a plant visit that the Special Master ordered
during discovery.   The Court believes that reasonable costs
associated with the plant visit should be taxable.   However, the
Court will not tax travel expenses for Lek's attorneys, as those
costs also fall squarely within the category of attorneys' fees,
which are not taxable under Local Civil Rule 54.1(c)(7).   The
Court will grant costs associated with videotaping the visit.

   Accordingly, the Court will tax against Astra miscellaneous
costs in the amount of $1,540.50.

CONCLUSION

   For the foregoing reasons, the Court GRANTS Lek's
application to tax costs against Astra subject to the
limitations set forth in this Opinion.   The Court has determined
that $569,245.89 of Lek's requested costs are properly taxable.
Lek is directed to submit to the Clerk of Court a revised
application to tax costs against Astra in accordance with the
Court's rulings within thirty (30) days of this Opinion.

22

**SO ORDERED:**

_____
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          November 6, 2012